# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin*

Michael D. Cilento
Roberto Ledesma†
Justin Mercer*
Savita Sivakumar‡
Lauren Valli

Shuyu Wang§

*also admitted in New Jersey
†also admitted in Florida
‡admitted in Washington, D.C. only
§law clerk, not admitted

77 Sands Street, 6th Floor
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

Writer's email: Lauren@iLawco.com

February 23, 2022

**VIA ECF**
The Honorable Matthew J. Skahill, U.S.M.J.
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Courtroom 3C
Camden, NJ 08101

*Spanish Sports Network, LLC et al. vs. Spanish Football Productions, LLC, et al.*
Civil Case No.: 1:20-cv-07354-KMW-MJS

Dear Judge Skahill:

We write on behalf of Plaintiffs Spanish Sports Network, LLC et al. ("SSN") and Michael Sciore ("Sciore," collectively with SSN, "Plaintiffs") and jointly with Defendants Spanish Beisbol Productions LLC ("SBP"), William Kulik ("Kulik," collectively with SBP the "Kulik Defendants") and Raymond Devine ("Devine") pursuant to Your Honor's February 16, 2022 Order (ECF Doc. No. 53) to apprise the Court of the outstanding discovery issues since the parties January 18 letter (ECF Doc. No. 52).

**I.  Plaintiffs' Outstanding Discovery Issues with the Kulik Defendants' Discovery Responses.**

On February 14, 2022, Defendants Kulik and SBS provided amended responses to certain discovery requests. The parties held a meet and confer on February 22, 2022 to discuss outstanding issues, mainly regarding the lack of any financial documents provided by

# LEWIS & LIN LLC

Defendants Kulik and SBS. While Defendant SBS has agreed to provide financial information marked attorney's eyes only, which the Plaintiffs agreed to, Defendant Kulik is taking the position that despite an ownership interest in Defendant SSP and SFN, he does not have these documents. Counsel for Defendant Kulik informed Plaintiffs' counsel during the meet and confer that they could question him about it at his deposition. Plaintiffs believe that Defendant Kulik's status with these entities indicates that he has these documents in his possession, custody or control. As to Defendant Kulik's individual financial documents, the parties are discussing possible resolutions to his objections to providing them. The parties anticipate having a mutually agreed upon resolution before the conference scheduled on March 4, 2022. A true and correct copy of the Kulik Defendants' responses and supplemental responses to Plaintiffs' document demands are attached hereto as Exhibits A and B, respectively.

**Kulik Defendants' Response**:

Plaintiffs raise two issues with respect to Kulik Defendants' responses. Neither of these issues warrants Court intervention. First, Plaintiffs take issue with the fact that Mr. Kulik does not possess certain records from two defunct entities. Mr. Kulik has searched for these records and does not have them. He was not responsible for managing business records of those entities; he is no longer associated with those entities; and those entities are believed to be long defunct. Plaintiffs are free to inquire further at deposition. Second, Plaintiffs refer to Kulik's objection to producing financial documents (understood to be a reference to tax returns). Kulik Defendants met and conferred with Plaintiff regarding this objection, as well as Plaintiffs' continued objection to the production of individual tax returns. Kulik Defendants proposed that both parties produce portions of the returns at issue that would identify all sources of income. Sources of income may not be redacted, however, amounts received from entities other than the named parties may be redacted. Kulik Defendants are awaiting a response from Plaintiffs to the proposal.

II. **Plaintiffs' Outstanding Discovery Issues with Devine's Discovery Responses.**

Defendant Devine has not provided any additional documents in response to Plaintiffs' requests for the production of documents and things and Plaintiffs' position from the January 18 letter remains unchanged and they reserve the right to seek appropriate relief, including a motion to compel. A true and correct copy of Defendant Devine's responses to Plaintiffs' request for the production of documents and things is attached hereto as Exhibit C.

As more detailed in the January 18 letter, Defendant Devine has also failed to provide a response to Plaintiffs' interrogatory requesting contact information for all persons with whom he had any communications with about the allegations in the Complaint. He has also not yet provided a proper verification to his responses to Plaintiffs' interrogatories. True and correct copies of Defendant Devine's first response to Plaintiffs' interrogatories, Defendant Devine's supposed supplemental response to Plaintiffs' interrogatories and his verification thereof is attached hereto as Exhibits D, E, and F, respectively.

**Defendant Devine's Response:**

# LEWIS & LIN LLC

In response to Plaintiffs' continued complaints regarding Discovery, Mr. Devine responds that, after a continued search, he located and supplemented his documentary production with the Operations Agreement for SSP as Plaintiffs' Counsel is well aware. Mr. Devine will testify that he has no other materials in his possession; as once his relationship with Mr. Sciore soured after the negotiations to purchase the station failed, he felt no need to keep them, and was anxious to set the business and the parties involved behind him and move on.

Additionally, as to the communications with non-parties, Mr. Devine only adds that he may have communicated about the potential for a suit prior to the suit being filed with either Lawrence Levin and/or Jay Shor – both of whom may be reached via their law firm, About Us | Shor & Levin the Bulldog Lawyers. Please note that Mr. Shor and Mr. Levin are lawyers and the contact information is for their firm; but are not identified in their professional capacity.

Finally, as to the Verification, Mr. Devine has provided Counsel with a Verification that includes both the Answers to Interrogatories and the supplements he provided. This will be provided to the Court, if required, to ascertain its sufficiency. If the form is incorrect, Mr. Devine will gladly correct it to the Court's standards.

### III. Defendants William Kulik and Spanish Beisbol Productions' Identification of Outstanding Issues in Plaintiffs' Responses to Discovery

Since the parties' last correspondence to the Court, Plaintiffs supplemented certain Interrogatory Answers and Responses to Requests for the Production of Documents. This resolved several issues raised by Kulik Defendants in their portion of the Joint Letter. Plaintiffs produced additional financial records last night, which have not yet been reviewed, but which may resolve outstanding requests for financial records from Plaintiff SSN.

The remaining issues are as follows.

First, during a second meet and confer, Plaintiffs agreed to consider Kulik Defendants' proposal to resolve both Plaintiffs' and Defendants' objections to the production of personal tax records. If the issue is not resolved by consent prior to the March 4 th conference, we will advise the Court; however, both parties are hopeful that the issue will be resolved by consent.

Second, the parties have not come to an agreement regarding Plaintiffs' refusal to answer what it characterizes as contention interrogatories, as briefed in the parties' prior Joint Letter. See Exhibit A (Plaintiffs' Answers to Interrogatories). That issue remains outstanding. Kulik Defendants rely on their prior submission in connection with this issue.

Third, as stated in the prior Joint Letter, Kulik Defendants' Requests for the Production of Documents (Requests 9, 10, 11, and 12) asked for a range of communications from Plaintiffs. See Exhibit "B" (Plaintiffs' Answers to Defendants' Document Requests). Kulik Defendants noted during a prior meet and confer that no communications were produced between Plaintiffs and the more than 13 witnesses that Plaintiffs identified in their initial disclosures. In response,

3

## LEWIS & LIN LLC

Plaintiffs stated that requests for those specific records had not been made. Kulik Defendants maintain that: 1) this document production should have already been made because it is self-executing under Rule 26, and 2) that Document Requests 9-12 should have resulted in the production of any such records. In light of the parties' dispute, Kulik Defendants served a specific supplemental document request yesterday targeting these records, but preserved their objection on the basis that the records should have already been produced. See Exhibit "C" (Kulik Defendants' Supplemental Document Request). Kulik Defendants renew their request for an order requiring production within two weeks' time so that the individual and corporate designee depositions of Plaintiff may proceed without further delay.

### Plaintiffs' Response

Plaintiffs hold the same position that these requests were not made by the Kulik Defendants in their initial discovery requests and further state that by listing these witnesses on their initial disclosures does mean that written communications between Plaintiffs and them exist. Plaintiffs are reviewing the Kulik Defendants' Supplemental Document Request and will respond thereto, but seek that the Court deny the Kulik Defendant's request that a response be made within two weeks time and permit Plaintiffs to respond in the time frame permitted by the Federal Rules of Civil Procedure.

### IV.     Defendant Devine's Identification of Outstanding Issues in Plaintiffs' Responses to Discovery

In the entirety of their production of materials made in discovery, whether in response to Devine or to the Kulick Defendants, Plaintiffs have produced no documentation that reasonably supports their allegations against Mr. Devine. In fact, when asked to do so specifically, they have objected to producing any evidence relevant to their claims as overbroad and vague.

Defendant Devine's sole objection is this Objection.  Specifically, that he is being caused to expend time and money in defense of a case that Plaintiffs seem unwilling prosecute in good faith through a voluntary disclosure of evidence to be used against Mr. Devine in ether deposition and/or trial of this matter.

### Plaintiffs' Response

Defendant Devine's alleged issues with Plaintiffs' production is nonsensical given the very fact that he himself has provided documentation supporting Plaintiffs' allegations in the form of an executed operating agreement of Defendant Spanish Sports Productions LLC ("SSP"), attached hereto as Exhibit J, names him, along with Defendant Kulik as owners of SSP. As a point of clarification, Plaintiffs do not make any specific objections to Defendant Devine's requests are "vague." Furthermore, Defendant Devine now claims that Lawrence Levin and/or Jay Shor may be contacted via their law firms. However, we note that these individuals are fact witnesses and not appearing counsel. Again, Defendant Devine has not fully responded to Plaintiffs' interrogatories regarding the same.

# LEWIS & LIN LLC

Respectfully submitted:

LEWIS & LIN LLC

/s/ *[signature]*

Justin Mercer, Esq.
Lauren Valli, Esq. (admitted pro hac vice)

*Attorneys for Spanish Sports Network, LLC et al. and Michael Sciore*

ARMSTRONG TEASDALE LLP

/s/Daniella Gordon
Daniella Gordon, Esq.

*Attorneys for Defendant Spanish Beisbol Productions LLC and William Kulik*

RYAN, BROWN, BERGER, & GIBBONS, P.C.

/s/Robert R. Hopkins
Robert R. Hopkins, Esq.

*Attorneys for Defendant Raymond Devine*